United States Bankruptcy Court
Central District of California

Marshack,
    Plaintiff

Adv. Proc. No. 25-01216-SC

GMF Capital, LLC,
    Defendant

# CERTIFICATE OF NOTICE

District/off: 0973-8      User: admin      Page 1 of 1
Date Rcvd: Apr 04, 2025      Form ID: pdf031      Total Noticed: 3

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 06, 2025:**

| Recip ID | Recipient Name and Address |
|---|---|
| dft | GMF Capital, LLC, 2711 Centerville Road, Suite 400, Wilmington, DE 19808-1645 |
| dft | Gary Fegel, 79 W 12th Street, Apt. 9E, New York, NY 10011-8513 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| pla | Email/Text: richard.marshack@txitrustee.com | Apr 05 2025 02:20:00 | Richard A. Marshack, 870 Roosevelt, Irvine, CA 92620 |

TOTAL: 1

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 06, 2025      Signature:      /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 4, 2025 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Christopher Ghio | on behalf of Plaintiff Richard A. Marshack christopher.ghio@dinsmore.com angelica.urena@dinsmore.com |
| Richard A Marshack (TR) | pkraus@marshackhays.com ecf.alert+Marshack@titlexi.com |
| United States Trustee (SA) | ustpregion16.sa.ecf@usdoj.gov |

TOTAL: 3

**FILED & ENTERED**

**APR 04 2025**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bolte    **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>The Litigation Practice Group P.C.,<br><br>Debtor(s).<br><br>Richard A. Marshack, Trustee of the LPG Liquidation Trust,<br>Plaintiff(s),<br>v.<br><br>GMF Capital, LLC, a Delaware limited liability company; and Gary Fegel, an individual,<br><br>Defendant(s). | CHAPTER 11<br><br>Case No.:  8:23-bk-10571-SC<br>Adv No:   8:25-ap-01216-SC<br><br>**ORDER RE: EARLY MEETING OF COUNSEL, STATUS CONFERNECE INSTRUCTIONS, AND GENERAL PROCEDURES**<br><br>**All status conferences will be conducted <u>in person</u> in Courtroom 5C, located at 411 West Fourth Street, Santa Ana, CA 92701. No virtual or telephonic appearances will be permitted.** |

Having considered this matter, the Court finds it appropriate to issue the following order in lieu of its Early Meeting of Counsel and Status Conference Instructions. This order will establish general procedures for the management of the various adversaries filed in this case on or after February 25, 2025, identify proposed scheduling dates for the various adversaries, and establish and set forth standing hearing dates. The procedures and dates set forth herein will control unless otherwise ordered by the Court.[1]

Generally, the Court will conduct initial status conferences on May 28, 2025, May 30, 2025, June 5, 2025, or June 10, 2025. Each date will be segregated by two hearing times, 10:00 a.m. and 1:30 p.m., with calendar items stacked within that timeframe. **The specific date for a particular status conference will be identified in the applicable Summons, to be served with the complaint.  All status conferences will be conducted <u>in person</u> in Courtroom 5C, located at 411 West Fourth Street, Santa Ana, CA 92701. Any out-of-district attorney admitted pro hac vice must also have local counsel present. No virtual or telephonic appearances will be permitted.**

For each status conference, utilizing Plaintiff's Status Report to be filed in advance of the status conference, and a review of the docket, the Court may establish a default calendar, on which it will call and dispose of matters in which the parties have agreed to pre-established scheduling dates and deadlines, matters involving non-responding defendants, and matters in which the parties seek a continuance for other purposes.

**1. <u>Service of Order.</u>** A copy of this order must be served with the summons and complaint. The proof of service of the summons and complaint must indicate that a copy of this order was served therewith. If Plaintiff files an amended complaint which adds

---

[1] Plaintiff may file a motion to modify or expand the procedures set forth herein; if Plaintiff chooses to do so, however, Plaintiff should file such motion in the main case only and serve all defendants in any adversary filed on or after February 25, 2025. If Plaintiff only seeks to modify or expand the procedures as they related to any particular adversary, such motion may be filed in that particular adversary.

additional defendants, a copy of this order must be served with the summons.

**2. Local Bankruptcy Rule 7026-1.** Compliance with Local Bankruptcy Rule 7026-1 ("LBR 7026-1"), except as modified herein, is required in ALL adversary proceedings.

**3. Rule 26(f) Meeting.** Unless all defendants default, the parties must meet and confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("Rule 26(f) Meeting") at least 21 days before the status conference date set forth in the summons. **The status conference set forth in the summons shall also serve as the initial Rule 16(b) Scheduling Conference in this adversary proceeding.** The parties are jointly responsible for arranging and attending the Rule 26(f) Meeting, which may be conducted in person or by telephone. During the Rule 26(f) Meeting, the parties must, at a minimum: (a) discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case; (b) make or arrange for the initial disclosures required by Rule 26(a)(1); and (c) develop a proposed discovery plan. The discussion of claims and defenses must be substantive and meaningful. The parties are directed to approach the Rule 26(f) Meeting cooperatively and in good faith.

**4. Initial Disclosures.** Rule 26(a)(1) states that a party must, without awaiting discovery request, provide to other parties:

> a. The name and, if known, the address and telephone number for each individual likely to have discoverable information - along with the subjects of that information - that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.
>
> b. A copy of - or a description by category and location - of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> c. A computation of each category of damages claimed by the disclosing party - who must also make available for inspection and copying under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

    d. For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

F.R.Civ.P.26(a)(1)(A). Rule 26(a)(1) requires a party to make its initial disclosures based on the information that is reasonably available to it. A party is not excused from making its disclosures because it has not fully completed its investigation of the case, because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. *See* F.R.Civ.P.26(a)(1)(E).

    **5. Mediation.** The parties must explore the feasibility of mediation to reach a settlement or early resolution of the adversary proceeding. The specific reasons for any decision not to participate in a form of early mediation must be explained in the Status Report.

    **6. Discovery Plan.** At the Rule 26(f) Meeting, the parties must also discuss issues about preserving discoverable information and develop a proposed discovery plan. The discussion regarding discovery following the initial disclosures must address the relevance of the discovery sought and the sequence and timing of such discovery, including whether the discovery will be conducted informally or formally. The deadlines in the discovery plan must be mutually agreeable, with a view to achieve resolution of the case with a minimum of expense and delay.

    The parties should determine whether any of the proposed sequences of potential discovery scheduling plans set forth below is mutually agreeable; if so, and if both parties agree that a status conference is not warranted, the parties may so indicate in the Status Report and concurrently with the filing of the Status Report, lodge an order setting forth the following dates, which may later be altered by the Court or by stipulation for good cause. Alternatively, if no order is lodged, the Court may call the matter on its default calendar. The parties may also seek different dates and deadlines.

    A. <u>For All Actions Involving $150,000 or less:</u>

        i.    Discovery cutoff: September 30, 2025. Note: this date includes the

    date by which all discovery must be completed, including the resolution
    of any discovery motions.

  ii. Motion cutoff: November 28, 2025. Note: this date includes the date by
    which all non-discovery must be heard and resolved.

  iii. Continued Status conferences: December 4, 2025, at 10:00 a.m. or
    1:30 p.m. At the continued status conference, the Court will determine
    when and whether a pretrial should be set or whether the matter
    should proceed directly to trial.

B. <u>For All Actions Involving Between $150,000 to $500,000</u>:

  i. Discovery cutoff: November 30, 2025. Note: this date includes the date
    by which all discovery must be completed, including the resolution of
    any discovery motions.

  ii. Motion cutoff: January 30, 2026. Note: this date includes the date by
    which all non-discovery must be heard and resolved.

  iii. Continued Status conferences: February 19, 2026, at 10:00 a.m. or
    1:30 p.m. At the continued status conference, the Court will determine
    when and whether a pretrial should be set or whether the matter
    should proceed directly to trial.

C. <u>For All Actions Exceeding $500,000:</u>

  i. Discovery cutoff: November 30, 2025. Note: this date includes the date
    by which all discovery must be completed, including the resolution of
    any discovery motions.

  ii. Motion cutoff: January 30, 2026. Note: this date includes the date by
    which all non-discovery must be heard and resolved.

  iii. Continued Status conferences: March 12, 2026, at 10:00 a.m. or 1:30
    p.m. At the continued status conference, the Court will determine when
    and whether a pretrial should be set or whether the matter should
    proceed directly to trial.

**7. Status Report.** The Court will permit the utilization of an omnibus status report by Plaintiff for each date and calendar time, which addresses all matters set forth therein, unless Plaintiff deems it to be too impracticable, or the Court orders otherwise. The omnibus status report must be filed in each applicable adversary. The omnibus report must include the Defendant(s)' portion, if possible, and whether the Defendant has responded.  Each defendant may file an independent status report. If a defendant has not responded, the status conference for that particular defendant will be continued to a standing date, identified below. Plaintiff should indicate the date to which it wants the matter continued, and the matter may be disposed of on the Court's default calendar.

Plaintiff's Status Report must be filed 14 days prior to the hearing, whether it is joint or unilateral. The Status Report must contain the information set forth in LBR 7016-1(a)(2), except as modified herein, and a statement that the parties have completed the Rule 26(f) Meeting and made the initial disclosures required by Rule 26(a)(1). The Status Report shall also serve as the written report of the Rule 26(f) Meeting.

As set forth above, the parties may agree upon the above scheduling dates and lodge an order in advance of the hearing. Should they choose to do so, the hearing on that matter will be vacated and the defendant(s)' appearance excused.

Any Omnibus Status Report must be clearly segregated by adversary number and name and clearly indicate the proposed disposition of that particular matter.

**8. Status Conference/Rule 16(b) Scheduling Conference.** At the Rule 16(b) Scheduling Conference, which will occur in person, the Court will review the discovery plan set forth in the Status Report and set appropriate deadlines, which may align with the proposed dates set forth herein.

Counsel representing any party in conjunction with the Rule 26(f) Meeting, Status Report, and Rule 16(b) Scheduling Conference must be authorized to bind the party on all matters to be covered.

**9. Non-Response by Defendant.** If no response to the complaint is timely filed,

Plaintiff should request entry of default by the clerk prior to the status conference date set forth in the summons. F.R.Civ.P.55(a). Plaintiff may also request entry of a default judgment by filing and serving an appropriate motion. F.R.Civ.P.55(b)(2).

The status conference with respect to any non-responding defendant will be continued to one of the standing dates, identified below. Plaintiff should indicate the date to which it wants the matter continued.

**10. Standing Dates**

Any matter in this adversary may be scheduled at 1:30 p.m. on the following dates, without further Court approval, except as to motions for summary judgment, which require approval:

July 3, 2025
July 17, 2025
July 24, 2025
August 7, 2025
August 21, 2025
August 28, 2025
September 4, 2025
September 11, 2025
October 16, 2025
October 23, 2025
November 13, 2025
November 20, 2025
December 11, 2025
December 18, 2025

The Court will issue further dates, as the need arises.

**11. Sanctions. Failure to comply with these instructions may subject the responsible party and/or counsel to sanctions, which may include dismissal of the adversary proceeding or striking of the answer. The failure of either party to cooperate in the preparation of timely filing a Status Report or appear at the status conference may result in the imposition of sanctions under LBR 7016-1(f) or (g).**

**12. Joint Pre-Trial Order.** Failure to cooperate in the preparation of and/or timely file a proposed Joint Pre-Trial stipulation may subject the responsible party and/or counsel to sanctions, which may include dismissal of the adversary proceeding or striking of the answer. The failure of either party to appear at the Joint Pre-Trial Conference may result in the imposition of sanctions under LBR 7016-1(f) or (g).

**IT IS SO ORDERED.**

Date: April 4, 2025

Scott C. Clarkson
United States Bankruptcy Judge